## WILLIAM WOOD *versus* JAMES BOLTON.

The warning of a private to attend a company training by one who has no authority therefor from the commanding officer of the company, is void.

Wood, as clerk of a company of militia, brought his action of debt against the defendant to recover the penalty for the non-appearance of his minor son, Philemon, at a company training, before a justice of the peace. To prove the warning of Philemon, the plaintiff introduced an order from the commandant of the company to him, directing him to warn certain persons named within certain limits. Philemon Bolton was not one of the persons named, nor was his place of residence within the limits, but he was found by Wood within the limits, and there seasonably warned. The justice ruled that the warning was insufficient, and decided in favor of the defendant. This writ of error was brought by Wood to reverse that judgment.

*J. Baker*, for the plaintiff, contended that the delinquent had no right to object to any deficiency in the warning officer's authority, inasmuch as he had actual notice; and that all objections to the order should be made by the warning officer only, and not by the delinquent. He cited the Militia act of 1834, § 44, art. 23; 15 Maine R. 309; 17 Maine R. 447. He also contended that the warning was legal.

Wood *v.* Bolton.

*Bradbury,* for the defendant.

PER CURIAM. — In this case the person who warned the private to appear, had no authority to warn him. Firstly, because he was not commanded so to do by the commanding officer of the company. And secondly, because the private was not within the territorial limits of the order to warn.